

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-173-CR

---

DANIEL MAVERICK MIKKELSON                                    APPELLANT

V.

THE STATE OF TEXAS                                               STATE

-----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

-----------

## OPINION

-----------

A jury convicted Appellant Daniel Maverick Mikkelson of unlawful possession of a firearm by a felon[1] and assessed his punishment at seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly. In two points, Appellant challenges the legal and factual sufficiency of the evidence to support his

---

[1] *See* Tex. Penal Code Ann. § 46.04 (Vernon Supp. 2008).

conviction. Because we hold that the evidence is both legally and factually sufficient, we affirm the trial court's judgment.

While on patrol in an unmarked car on the night of June 17, 2006, Fort Worth Police Officers Paula Hernandez and Steven Myers noticed three men "mulling around" a vehicle at a gas station. The police had previously encountered problems, including gang activity, at the gas station. The officers noticed that the men were not putting gas in the car. While the officers sat at a light at an intersection from which they could see the gas station, Officer Hernandez saw one of the men make a movement as though placing something in his waistband. She then saw that man and Appellant walk to the store's entrance; the other man went into the business while Appellant stayed out front with his back to the entrance. A short time later, the man came out of the store, and he and Appellant walked swiftly back to the car. Appellant opened the passenger door, reached down and started "digging around in the floorboard," and then sat in the passenger seat.

The officers got through the intersection and pulled into the gas station. As they approached the vehicle, the man who had gone into the store and who was now standing by the driver's door reached into his pocket, took out an object, and placed it on the dashboard through the open car window. Officer Myers recognized the item placed on the dashboard as a marijuana cigarette

2

and arrested the man for possession of marijuana.

The officers then conducted a search of the vehicle, which they had decided to have towed. During the search, they saw a gun sticking out from under the passenger seat. Officer Hernandez then handcuffed Appellant and the third man. Appellant began acting agitated, pacing back and forth, and after Officer Myers removed the gun from the car, Appellant repeatedly stated that the gun was his. The officers arrested Appellant, and he was charged with unlawful possession of a firearm by a felon.

Appellant argues that the evidence is legally and factually insufficient to show that he actually possessed a gun that was a firearm. Texas Penal Code section 46.01 provides in pertinent part,

> (3) "Firearm" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use.
>
> . . .
>
> (5) "Handgun" means any firearm that is designed, made, or adapted to be fired with one hand.[2]

The record reflects that Appellant went to the front passenger seat, rummaged around on the floorboard where the gun was later located, and,

---

[2] *Id.* § 46.01(3), (5).

when the police handcuffed him, admitted that the gun was his.

Further, Officer Hernandez testified that State's Exhibit 2, the gun that had been admitted as the weapon found in the vehicle, was a firearm. When asked to explain what a firearm is, she testified,

> It's a weapon that can be charged — that can be actually discharged. It kind of looks like a, you know, fire. You know, the hammer gets cocked back, striking pin will strike the back of a bullet; which, on the back of a bullet there's a spot that will ignite some gunpowder, which is inside the bullet, and then you shoot the actual bullet part off the end, like a little tiny explosion or fire.

Additionally, Officer Hernandez agreed that State's Exhibit 2 was a .22 caliber gun and was, indeed, a firearm. Finally, Larry Reynolds, who works in the crime lab with the Fort Worth Police Department, testified that his sole duty is to "fire the handguns when they come in prior to going to the property room," that he fired State's Exhibit 2, and that it worked properly.

Applying the appropriate standards of review,[3] we hold that the evidence

---

[3] *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (both providing legal sufficiency standard of review); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (all providing factual sufficiency standard of review); *see also Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (discussing affirmative links doctrine in drug case); *Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.) (applying affirmative links doctrine in felon in possession of firearm case).

4

is both legally and factually sufficient to support the jury's verdict, overrule Appellant's two points, and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

PUBLISH

DELIVERED: September 18, 2008

5